526 So.2d 892 (1987)
Robert Lewis OLIVER
v.
STATE.
5 Div. 165.
Court of Criminal Appeals of Alabama.
August 18, 1987.
On Return to Remand May 10, 1988.
Floyd L. Likins, Jr., Opelika, for appellant.
Don Siegelman, Atty. Gen., and Martha Gail Ingram, Asst. Atty. Gen., for appellee.
BOWEN, Presiding Judge.
Robert Lewis Oliver was convicted for escape in the first degree and was sentenced to life imprisonment as a habitual offender.
After a jury had been struck, defense counsel objected because the district attorney used his first nine strikes to remove six black persons from the venire. This left only one black venireperson. Defense *893 counsel alleged the automatic and systematic exclusion of blacks.
In response, the district attorney made the following remarks:
"I am familiar with that case, Your Honor. First of all, I deny that I struck anybody black. I struck some people that had a darker complexion than others, but no one has told me what a black is. Second of all, there is no systematic exclusion of people with dark complexion, obviously, because there is at least one person with dark complexion that is serving on the jury at this time. And third, there has been no proof offered by the defendant of any type of systematic exclusion of anyone, even with a dark complexion."
The prosecutor must give a "clear and reasonably specific" explanation of his "legitimate reasons" for exercising his challenges once the defendant has made a prima facie showing of discriminatory selection of the jury venire. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, at 1724, n. 20, 90 L.Ed.2d 69 (1986).
"[W]e emphasize that the prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause. See McCray v. Abrams, 750 F.2d [1113] at 1132 [(CA2 1984)]; Booker v. Jabe, 775 F.2d 762, 773 (CA6 1985), cert. pending 85-1028. But the prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that he challenged jurors of the defendant's race on the assumptionor his intuitive judgmentthat they would be partial to the defendant because of their shared race. Cf. Norris v. Alabama, 294 U.S. [587], at 598-599, 55 S.Ct. [579], at 583-84 [79 L.Ed. 1074 (1935) ]; see Thompson v. United States, [469] U.S. [1024], [1026], 105 S.Ct. 443, 444, 83 L.Ed.2d 369 (BRENNAN, J., dissenting from denial of certiorari). Just as the Equal Protection Clause forbids the States to exclude black persons from the venire on the assumption that blacks as a group are unqualified to serve as jurors ..., so it forbids the States to strike black veniremen on the assumption that they will be biased in a particular case simply because the defendant is black. The core guarantee of equal protection, ensuring citizens that their State will not discriminate on account of race, would be meaningless were we to approve the exclusion of jurors on the basis of such assumptions, which arise solely from the jurors' race. Nor may the prosecutor rebut the defendant's case merely by denying that he had a discriminatory motive or `affirming his good faith in individual selections.' Alexander v. Louisiana, 405 U.S. [625], at 632, 92 S.Ct. [1221], at 1226 [31 L.Ed.2d 536 (1972)]. If these general assertions were accepted as rebutting a defendant's prima facie case, the Equal Protection Clause `would be but a vain and illusory requirement.' Norris v. Alabama, supra, 294 U.S., at 598, 55 S.Ct., at 583-84. The prosecutor therefore must articulate a neutral explanation related to the particular case to be tried. The trial court then will have the duty to determine if the defendant has established purposeful discrimination." Batson, 476 U.S. at 97-98, 106 S.Ct. at 1723-24.
This cause is remanded to the circuit court for compliance with the principles of Batson, supra. A transcript of those proceedings, together with the written findings of the circuit court, shall be transmitted to this court. Ex parte Jackson, 516 So.2d 768 (Ala.1986). The Attorney General recognizes the error and prays for remand.
This cause is remanded for further proceedings as directed.
REMANDED FOR FURTHER PROCEEDINGS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand, the trial court held a hearing and later issued a written order demonstrating that "there were no discriminatory selection practices employed by the State in selection of the trial jury." In deciding *894 this issue, the trial court followed the guidelines established in Ex parte Branch, 526 So.2d 609 (Ala.1987) (modified on rehearing).
The significant portion of the order of the trial court states:
"Although this Court is in some doubt as to whether the defense had, at trial, established a prima facie case of purposeful discrimination in accordance with the guidelines of Branch v. State, [Ex Parte Branch] # 86-500 [526] So.2d [609] (S.Ct.1987), in compliance with the directive of the Court of Criminal Appeals, this Court has ordered that the District Attorney provide legitimate, racially neutral reasons for his challenges.
"The District Attorney stated that there were six `young' people on the venire, three of them being black and three white, and that all six were struck by the State. He further stated that three other jurors were under the age of 35 years, two of them being black and one white, and the State struck those three individuals. The court file reflects that the Defendant was 29 years of age at the time of trial. The final black person struck by the State `appeared to be weak' and, for that reason, was challenged.
"In response to the stated reasons of the District Attorney, the defense offered no argument or testimony attacking the legality of the challenges. There was no attempt by the defense to rebut the legitimacy of the reasons for the challenges.
"It appears, and the Court finds, that the State had a legitimate, racially neutral, nondiscriminatory purpose in seeking to eliminate persons under the age of 35 years, white and black, from this jury. The defense did not question the adequacy of this explanation.
"It is questionable whether the `reason' for striking the black person who `appeared weak' satisfies the Branch and Batson standards. However, the defense offered no argument attacking the legitimacy of that strike. It does not appear that one such strike by the State constitutes a `pattern' evidencing intent to discriminate.
"In Branch v. State, the Supreme Court has offered two factual examples by which it says the State can overcome the presumption of discrimination and show neutrality:
"`1. The offending party challenged non-black jurors with the same or similar characteristics as the black jurors who were struck;
"`2. There is no evidence of a pattern of strikes used to challenge black jurors; e.g., having a total of six peremptory challenges, the party used two to strike black jurors and four to strike white jurors, and there were blacks remaining on the venire.'
"The Branch case sets forth matters which the defense can then assert to show that the reasons given by the State are merely a sham or pretext. At the hearing on remand, the defense offered no attack on the legitimacy of the reasons offered by the State for the peremptory challenges.
"The attorney who represented the Defendant at the trial of this case is the same attorney who appeared with the Defendant at the hearing on remand.
"This Court finds that there were no discriminatory selection practices employed by the State in selection of the trial jury."
The written order of the trial court is supported by the record. We find no reason to disturb that decision.
The judgment of the circuit court is affirmed.
OPINION EXTENDED: AFFIRMED.
All Judges concur.